# MOBIL OIL EXPLORATION CO., Petitioner,

v.

# FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

No. 86-4940.

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1987.

John L. Williford, Larry Pain, Jennifer A. Cates, Bartlesville, Okl., for Phillips Petroleum Co. and Phillips 66 Natural Gas Co.

Kenneth J. Neises, St. Louis, Mo., for Laclede Gas Co.

Jeffrey M. Petrash, James H. Holt, Washington, D.C., for Michigan Consolidated Gas Co.

William T. Miller, Susan N. Kelly, Washington, D.C., for American Public Gas Assn.

Kevin M. Sweeney, Washington, D.C., for Amoco Production Co.

Thomas M. Patrick, Chicago, Ill., for The Peoples Gas Light and Coke Co. and North Shore Gas Co.

Kevin M. Sweeney, Washington, D.C., George H. Rothschild, Jr., Houston, Tex., for Marathon Oil Co.

Thomas C. Gorak, John M. Glynn, Baltimore, Md., for Maryland People's Counsel.

Robert A. Jablon, Scott H. Strauss, Washington, D.C., for Ft. Pierce Utilities Authority, the City of Gainesville, Gainesville Regional Utilities, the City of Homestead, Kissimmee and Lekeland, the Orlando Utilities Com'n, the Sebring Utilities Com'n, and the cities of St. Cloud, Starke, Tallahassee, and Vero Beach, Florida (Florida Cities).

Steven F. Greenwald, Lindsey How-Downing, San Francisco, Cal., for Pacific Gas and Elec. Co.

Glenn W. Letham, Kenneth M. Albert, Washington, D.C., for Memphis Light, Gas and Water Div., City of Memphis, Tenn.

Eugene R. Elrod, Donald H. Smith, Washington, D.C., for Plains Petroleum Co.

John H. Cheatham, III, Edward B. Myers, Washington, D.C., for Interstate Natural Gas Ass'n of America.

William I. Harkaway, Steven J. Kalish, Washington, D.C., for Southwest Gas Corp.

John K. McDonald, Richard E. Powers, Jr., Charles E. Suffling, John M. Hopper, Jr., Washington, D.C., for Pennzoil Co.

Harris J. Wood, Norma J. Rosner, Dallas, Tex., for Arco Oil and Gas Co.

George J. Meiburger, Frank X. Kelly, Peter C. Lesch, Washington, D.C., for Northern Natural Gas Co., Div. of Enron Corp.

Albert Sylvia, III, Los Angeles, Cal., for Union Oil Co. of California.

Karen A. Berndt, Ralph J. Pearson, Jr., Houston, Tex., for Texaco, Inc.

Michael L. Pate, Tulsa, Okl., for Cities Service Oil and Gas Corp.

Janice E. Kerr, J. Calvin Simpson, Michael B. Day, San Francisco, Cal., for Public Utilities Com'n of the State of Cal.

Robert W. Gee, Phyllis G. Rainey, Houston, Tex., for Tenneco Oil Co.

Robert C. Platt, Washington, D.C., for Independent Petroleum Ass'n of America.

Douglas Kent Porter, E.R. Island, Glen J. Sullivan, Los Angeles, Cal., for Southern California Gas Co.

Richard C. Green, Washington, D.C., for El Paso Natural Gas Co.

Christopher K. Sandberg, St. Paul, Minn., for Minnesota Dept. of Public Service.

C. Roger Hoffman, Douglas W. Rasch, Houston, Tex., for Exxon Corp.

Thomas D. Carmel, Ernest J. Altgelt, III, Houston, Tex., for Conoco, Inc.

Judy M. Johnson, J. Stephen Martin, Houston, Tex., for Texas Eastern Transmission Corp.

Roberta L. Halladay, Washington, D.C., for United Distribution Companies.

Jerome Mrowca, Paul W. Malloy, Lombard, Ill., for Natural Gas Pipeline Co. of America and United Gas Pipe Line Co.

Frederick Moring, M. Lisanne Crowlye, Washington, D.C., for Associated Gas Distributors.

J. Richard Tiano, John Myler, Mary Ann Walker, Washington, D.C., and Robert C. McHugh, Thomas J. Carroll, III, Lakewood, Colo., for KN Energy, Inc.

Jerome Feit, Solicitor, FERC, John H. Conway, Washington, D.C., for FERC.

J. Paul Douglas, Kevin M. Sweeney, Carroll L. Gilliam, Washington, D.C., Mark J. Forsch, Robert D. Haworth, Houston, Tex., for Mobil Oil.

Thomas G. Johnson, M.G. Brookshier, Charles J. McClees, Jr., Houston, Tex., for Shell Offshore Ins. and Shell Western E & P Inc.

Before CLARK, Chief Judge, THORNBERRY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

## I.

The petitioner, Mobil Oil Exploration Co., moved the court for an order under Fifth Circuit Rule 15.3.5, confirming that this court has jurisdiction and venue to review Federal Energy Regulatory Commission (Commission) Orders 451 and 451–A. The petition is opposed by United Distribution Company (United), which seeks to fix venue and jurisdiction to review these orders in the United States Court of Appeals for the District of Columbia Circuit.

The Petitioner and United engaged in a "race to the courthouse" under the provisions of 28 U.S.C. § 2112(a), which provides in pertinent part, "If proceedings have been instituted in two or more courts of appeals with respect to the same order, the agency ... shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted.... For the convenience of the parties in the interest of justice, such court may thereafter transfer all proceedings with respect to such order to any other court of appeals." The petitioner's affidavits assert that the filing in the Fifth Circuit was one second prior to United's filing in the District of Columbia Circuit. United's affidavits assert that the petitioner's filing in the Fifth Circuit was four-tenths of a second prior to the posting by the Commission and that its filing in the District of Columbia Circuit was precisely concurrent with the Commission's posting.

■ In light of today's instantaneous communications and mobile society, it can be incongruous to attempt to resolve venue issues between competing parties by a first-filed rule. In this case, we have parties who have simultaneously, or substantially simultaneously, petitioned separate circuits to review orders of the Commission. In both circuits the petitions for review were filed before such orders could possibly have been read and considered and, in one case, it is asserted that the petition was filed before the order was posted. Such races-to-the-courthouse distort the true intendment of the statutory scheme.

The affidavits of petitioner and United disclose elaborate efforts to coordinate a filing in the circuit each felt would favor them with the "deemed" posting time fixed by the Commission. Such efforts defeat the intent of Congress expressed in § 2112(a). That statute was not designed to calibrate such races. It obviously sought only to establish venue in cases where independent, uncompetitive filings had taken place. It simply will not fit the split-minute attempts-to-outdo-each-other adopted here. Indeed, the time clock file stamps used by each of the clerks of court records only hours and minutes. Neither purports to measure any division of minutes. Such file stamp clocks display no time on external dials, so the parties assert they have estimated the functioning of their internal mechanism by "audible clicks."

It should be obvious to even the mechanically inept that if courts let themselves get drug down this slippery slope of splitting minutes on the digital watches worn by parties and timed by calls to the Naval Observatory, the next generation of races will be run by split-second electronic timing devices and laser transmissions or some other esoteric procedures which distort the statutory purpose still further.

Both parties here have clearly evinced their respective intent to lodge a petition for review in the circuit they separately chose at the very instant the order sought to be reviewed was deemed to be posted by the Commission. The court cannot reasonably, responsibly say that either party must have filed first. Though both parties were innovative in the schemes they adopted to clock each other's moves, neither set of procedures is reliable enough to permit a clear adjudication that that party's petition was the first filed, and neither procedure accords with the spirit of the statute.

## II.

Petitioners suggest that if we don't fix venue by priority of filing, we should re-

vert to the statute's provision that one or the other of the courts involved, which might or might not have first-filed jurisdiction, should assume to retain or transfer the case according to that court's notion of whether such retention or transfer would be "for the convenience of the parties in the interest of justice." In the case at bar, if this court were to perform such a task, it would find another impasse. Both the District of Columbia Circuit and this court appear to us to have an equal pull on jurisdiction under such a test. Each court appears to have the competence and the capacity to render a just and informed decision. Both courts are equally accessible to the parties and to the Commission. There are bases for choice going either way.

## III.

For all of the reasons stated, this court has suggested to the District of Columbia Circuit that the question of venue in this case be settled by lot. This is the procedure these two courts have used on two occasions in the past when substantially simultaneous filings have been made in each court by parties seeking to review Commission Orders.

Both courts cannot have jurisdiction. Where the first-filing rule yields no proper resolution and the convenience of the parties in the interests of justice appears evenly balanced, chance is a just determinant of where the review should proceed.

By agreement of both courts, the District of Columbia Circuit conducted a coin toss, and, as a result of that coin toss, the Fifth Circuit was selected as the circuit in which review proceedings of Orders 451 and 451–A should proceed. Accordingly, the Commission is directed to file the record in this matter in the United States Court of Appeals for the Fifth Circuit.